This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, William Hall, appeals from his conviction for assault in violation of R.C. 2903.13. In his only sole assignment of error, he argues that his conviction was contrary to the weight of the evidence. We disagree.
The record demonstrates that both victims of the assault, Todd Terwillinger and his girlfriend, Elizabeth Allen, positively identified Hall as the person who, together with another person, physically attacked them on two separate occasions the same night. The fight began when the couple got into their vehicle across the street from a bowling alley and felt what turned out to be a bowling ball strike their car. Upon seeing Hall and two friends get into a black Honda Civic and speed away, the couple began to follow the car to get the license plate number. According to the couple, Hall then maneuvered his car to strike theirs, and when they exited the car to inspect the damage, Hall and one of his friends got out of the Civic and began punching Terwillinger in the face, while another of Hall's companions punched Allen in the face. Allen and Terwillinger were able to escape in their vehicle to the nearest gas station to call 911 when the Civic entered the parking lot. Hall and his companion then jumped out of the vehicle and, according to the testimony of Terwillinger and Allen, once again attacked Terwillinger, punching him five to ten more times in the face before smashing the windshield of his car. According to Terwillinger, he dragged himself into the gas station in order to get away from Hall and his accomplice. Medical records showed that Todd suffered a broken nose, a cracked cheekbone, and facial lacerations. Both Todd and Allen later identified Hall from photographic line-ups.
Hall argues that the trial court lost its way by not crediting the testimony of his live-in girlfriend that she and Hall were having a party and entertaining guests on the night of the assault. According to Hall's girlfriend, she personally gave the keys to the Civic to Hall's father so that he could go to the store to purchase beer. She claimed that Hall's father did not return with the car that evening.
The trial court, in resolving the conflict between the accounts given by the victims and Hall's girlfriend, obviously concluded that Hall's girlfriend was lying. It is well settled that the credibility of witnesses is a determination primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E. 212 [227 N.E.2d 212], paragraph one of the syllabus. We cannot say that the trial court, in concluding that Hall's girlfriend was testifying falsely, lost its way or that it committed a manifest miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.